# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 19-20 PA (ASx) | Date | January 18, 2018 |
|---|---|---|---|
| Title | Maria Perez Gomez v. Costco Wholesale Corp. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant Costco Wholesale Corporation ("Defendant") on January 2, 2019. Defendant asserts that this Court has jurisdiction over the action brought against it by plaintiff Maria Perez Gomez ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

The Notice of Removal alleges that "Plaintiff is, and at all relevant times was, a resident of California. According to her sworn discovery responses, attached herein as Exhibit 3, plaintiff currently

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-20 PA (ASx) | Date | January 18, 2018 |
|---|---|---|---|
| Title | Maria Perez Gomez v. Costco Wholesale Corp. | | |

lives in Ventura, California. She has lived in California since at least 2004." (Notice of Removal ¶ 5.) Because an individual is not necessarily domiciled where he or she resides, Defendant's allegations concerning Plaintiff's residence, and where she has lived, are insufficient to establish Plaintiff's citizenship. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."). As a result, Defendant's allegations related to Plaintiff's residence are insufficient to invoke this Court's diversity jurisdiction.

When determining the amount in controversy, the Court must assume that the allegations in the complaint are true and that a jury will return a verdict in the plaintiff's favor on all of the claims in the complaint. Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." Korn v. Polo Ralph Lauren Corp., 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008); see also Rippee v. Bos. Mkt. Corp., 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005). "[T]he amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004). "When not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam). "Conclusory allegations as to the amount in controversy are insufficient." Id. at 1090-91. "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [$75,000]." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996). The contents of the notice of removal and supplemental evidence provided after the removal petition has been filed may be considered to determine whether the defendant has adequately shown that the amount in controversy has been met. See Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 690 (9th Cir. 2006); Cohn v. Petsmart, Inc., 281 F. 3d 837, 840, 840 n.1 (9th Cir. 2002). A court may also "consider any 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" Valdez, 372 F.3d at 1117 (quoting Matheson, 319 F.3d at 1090).

Here, the Notice of Removal alleges that, on December 3, 2018, Plaintiff served Defendant with a Statement of Damages alleging that Plaintiff "is seeking $35,000 in past medical expenses, approximately $30,000 in future medical expenses, and an unknown amount of general damages." (Notice of Removal ¶ 7.) Because, as Defendant concedes, the amount of general damages Plaintiff seeks is "unknown," Defendant has established only that the amount in controversy exceeds $65,000.00. As a result, Defendant has not met its burden to establish that it is more likely than not that the amount in controversy exceeds $75,000.00, and Defendant has therefore failed to establish the existence of this Court's diversity jurisdiction.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-20 PA (ASx) | Date | January 18, 2018 |
|---|---|---|---|
| Title | Maria Perez Gomez v. Costco Wholesale Corp. | | |

    For the foregoing reasons, Defendant has failed to satisfy its burden of showing that diversity jurisdiction exists over this action. Accordingly, this action is hereby remanded to Ventura County Superior Court, Case No. 56-2018-00515955-CU-PO-VTA, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

    IT IS SO ORDERED.